1

2

3

4

5

6

7

8                     **IN THE UNITED STATES DISTRICT COURT**

9                   **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    ANDRE LaSHAUN THOMPSON,                    No.  2:19-CV-2565-DMC-P

12              Plaintiff,

13         v.                                    ORDER

14    WARDEN, et al.,

15              Defendants.

16

17           Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983.  Pending before the Court is plaintiff's motion for the appointment of counsel

19    (ECF No. 8).

20           The United States Supreme Court has ruled that district courts lack authority to

21    require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist.

22    Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the

23    voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935

24    F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

25    A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success

26    on the merits and the ability of the plaintiff to articulate his claims on his own in light of the

27    complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is

28    dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the

                                              1

1    Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment

2    of counsel because:

3
         . . . Terrell demonstrated sufficient writing ability and legal knowledge to
4          articulate his claim.  The facts he alleged and the issues he raised were not
         of substantial complexity.  The compelling evidence against Terrell made it
5          extremely unlikely that he would succeed on the merits.

6          Id. at 1017.

7          In the present case, the Court does not at this time find the required exceptional

8    circumstances.  According to plaintiff, counsel should be appointed to assist him because he is

9    receiving mental health care.  See ECF No. 6.  Plaintiff does not, however, explain the level of his

10    mental health care, the seriousness of his mental health condition, or how his mental health

11    treatment is precluding him from proceeding on his own.  Plaintiff states that he has obtained the

12    assistance of other inmates and does not state that he expects this assistance to end.  Moreover, at

13    this stage of the proceedings before plaintiff has filed a first amended complaint as directed in the

14    accompanying order, and before any discovery has been conducted or any dispositive motions

15    filed, the Court cannot say that plaintiff has shown any particular likelihood of success on the

16    merits.  Court also observes that – with inmate assistance – plaintiff has been able to articulate his

17    claims sufficiently.   Finally, plaintiff's claims appear to be neither legally nor factually complex.

18          Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the

19    appointment of counsel (ECF No. 8) is denied.

20

21    Dated:  June 4, 2020

22                        _____
                        DENNIS M. COTA
23                        UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28