IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE LaSHAUN THOMPSON, | No. 2:19-CV-2565-DMC-P |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| WARDEN, et al., | |
| Defendants. | |

    Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's amended complaint (ECF No. 1).

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. <u>See</u> 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. <u>See</u> <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

Plaintiff names the following as defendants: (1) Omari, a prison nurse at Mule Creek State Prison; and (2) Rudas, a doctor at Mule Creek State Prison.  See ECF No. 1.  Plaintiff also names "John/Jane Doe," who is alleged to be the warden at Mule Creek State Prison.  See id.  Plaintiff's claims against all three concern medical care.  Plaintiff claims the unidentified prison warden is liable for the conduct of Omari and Rudas.  See id. at 3.  Plaintiff claims Omari violated his Eighth Amendment right to adequate medical care when he "denied me medical treatment while stating 'I do not care about your medical needs.'"  Id. at 4.  Plaintiff claims Rudas similarly violated his Eighth Amendment rights when he told plaintiff that his pain was "no concern to me."  Id. at 5.

The Court finds plaintiff's complaint is sufficient to state claims for relief under the Eighth Amendment against defendants Omari and Rudas.  Plaintiff's complaint, however, is insufficient as to the unnamed prison warden.

Supervisory personnel – such as the prison warden – are generally not liable under § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations.  See id.  The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act.  See

2

1  Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

2        When a defendant holds a supervisory position, the causal link between such
3  defendant and the claimed constitutional violation must be specifically alleged. See Fayle v.
4  Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.
5  1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in
6  civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
7  Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the
8  official's own individual actions, has violated the constitution." Iqbal, 662 U.S. at 676.

9        Here, even if plaintiff identifies the warden, such individual would still not be
10 liable under plaintiff's theory. According to plaintiff, the warden is liable for the conduct of
11 Omari and Rudas. As explained above, however, supervisory personnel cannot be liable solely
12 based on the conduct of subordinates. Rather, they may only be liable for their own conduct. In
13 this case, plaintiff has not identified any conduct by the unidentified warden.

14       Because it is possible that the deficiencies identified in this order may be cured by
15 amending the complaint, plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d
16 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an
17 amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258,
18 1262 (9th Cir. 1992). Therefore, if plaintiff amends the complaint, the court cannot refer to the
19 prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An
20 amended complaint must be complete in itself without reference to any prior pleading. See id.

21       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
22 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See
23 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how
24 each named defendant is involved, and must set forth some affirmative link or connection
25 between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d
26 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
27 / / /
28 / / /

1   Because the complaint appears to otherwise state cognizable claims, if no amended
2 complaint is filed within the time allowed therefor, the court will issue findings and
3 recommendations that the claims identified herein as defective be dismissed, as well as such
4 further orders as are necessary for service of process as to the cognizable claims.
5   Accordingly, IT IS HEREBY ORDERED that plaintiff may file a first amended
6 complaint within 30 days of the date of service of this order.

8 Dated:  June 4, 2020

       DENNIS M. COTA
       UNITED STATES MAGISTRATE JUDGE