IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE LaSHAUN THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>OMARI, et al.,<br><br>Defendants. | No. 2:19-CV-02565-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's motion for leave to amend. ECF No. 25.

This action currently proceeds on Plaintiff's first amended complaint. See ECF No. 11. Plaintiff seeks leave to file a second amended complaint to "clear-up his claims so that the court and the parties can understand them" and to properly identify Defendants. See ECF No. 25, pg. 7. Plaintiff also added two new claims—intentional infliction of emotional distress ("IIED") and medical negligence. See ECF No. 26, pgs. 8-9. Plaintiff separately filed a "Second Amended Prisoner Civil Rights Complaint." See ECF No. 26. Defendants oppose the motion. ECF No. 29.[1]

---

[1] On April 29, 2022, this Court reminded Defendants that failure to file an opposition to a motion may be deemed consent to the relief requested. See ECF No. 28. Despite this, Defendants did not file their opposition until May 31, 2022, over four months after the pending motion was filed on January 6, 2022. See ECF No. 29. Nonetheless, the Court will consider Plaintiff's motion on the merits.

1

       The Federal Rules of Civil Procedure provide that a party may amend his or her pleading once as a matter of course within 21 days of serving the pleading or, if the pleading is one to which a responsive pleading is required, within 21 days after service of the responsive pleading, see Fed. R. Civ. P. 15(a)(1)(A), or within 21 days after service of a motion under Rule 12(b), (e), or (f) of the rules, whichever time is earlier, see Fed. R. Civ. P. 15(a)(1)(B). In all other situations, a party's pleadings may only be amended upon leave of court or stipulation of all the parties. See Fed. R. Civ. P. 15(a)(2).

       Here, Plaintiff's motion has been filed beyond the permissive time to amend as of right. Defendants answered the first amended complaint on October 18, 2021. See ECF No. 19. Discovery has closed and the date with which to file dispositive motions has been set and is approaching. See ECF No. 34. Therefore, Plaintiff requires leave of Court to amend.

       In determining whether to grant leave to amend, a court is to consider five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004). The factors are not weighed equally. "Futility of amendment can, by itself, justify the denial of a motion for leave to amend"; however, undue delay alone "is insufficient to justify denying a motion to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995); Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712-13 (9th Cir. 2001) (citation and quotation marks omitted). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id.

       Considering the foregoing factors, the Court finds that leave to amend is not warranted, as it would cause undue delay and be prejudicial to Defendants. Because discovery has been closed and this matter is now ready for potential resolution on summary judgment, amendment would only serve to frustrate a speedy resolution of the entire controversy. Also, as discovery deadlines have already been extended twice, extending the dates yet again would likewise delay any trial on the merits. Furthermore, allowing amendment on Plaintiff's newly

added claims would result in prejudice to Defendants in that an amended pleading would require additional time and resources in investigating and defending Plaintiff's new claims. In essence, it would require starting the whole case anew: the filing of a responsive pleading by Defendants and reopening discovery so the Parties can engage in discovery, including re-deposing Plaintiff, on the two new claims of IIED and negligence. Thus, the timing of the proposed new complaint after discovery has closed represents undue delay and will work a significant prejudice on Defendants who have expended significant time over the last three plus years litigating those claims in the first amended complaint. Lastly, while this is Plaintiff's first time seeking amendment, this is not Plaintiff's first amendment. Plaintiff amended his complaint in response to this Court's screening order. On balance, amendment here is not justified.

Where a party files an amended complaint without the right to do so, it is properly stricken by the court. See, e.g., Hardin v. Wal-Mart Stores, Inc., 813 F. Supp. 2d 1167, 1181 (E.D. Cal. 2011) (striking fourth amended complaint: "If an amended pleading cannot be made as of right and is filed without leave of court or consent of the opposing party, the amended pleading is a nullity and without legal effect."); Sexton v. Spirit Airlines, Inc., Case No. 2:21-cv-00898-TLN-AC, 2022 WL 976914 (E.D. Cal. March 31, 2022) (striking amended complaint); Guthrie v. Hurwitz, Case No. 1:18-cv-00282-AWI-BAM, 2018 WL 4005261, at *1 (E.D. Cal. Aug. 20, 2018) (striking amended complaint). Consequently, Plaintiff's second amended prisoner civil rights complaint, ECF No. 26, will be stricken as improperly filed.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion, ECF No. 25, for leave to amend is denied. Plaintiff's filing at ECF No. 26 is stricken.

Dated: May 15, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE